**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| FREDERICK A. THATCH, )<br>)<br>Plaintiff, )<br>) No. 1:04-CV-117 CAS<br>v. )<br>)<br>NORANDA ALUMINUM INC., )<br>)<br>Defendant. ) | |

## ORDER

This matter is before the Court on plaintiff's motion to amend the Case Management Order which was issued March 4, 2005, following a Rule 16 scheduling conference and the parties' submission of a proposed Joint Scheduling Plan. Plaintiff's motion states in part, "Plaintiff would like to take numerous depositions and it would be difficult to have all the depositions completed by the discovery deadline of January 6, 2006. Furthermore, defendant would like adequate opportunity after the depositions are completed to decide what, if any, additional depositions would be needed." Mot. at 1.

The Case Management Order ("CMO") specifically states that it "will be modified only by leave of Court upon a showing of exceptional circumstances." CMO at 1. Plaintiff has made no assertion of exceptional circumstances, and therefore the motion will be denied. The CMO provides that each party may take up to ten (10) depositions. Id. Plaintiff has not stated how many depositions he has taken, whose depositions he has taken, or whose depositions remain to be taken. The Court notes that deadlines set forth in the CMO were based directly on dates proposed by the partes in the proposed Joint Scheduling Plan. In particular, the parties proposed that all non-expert depositions be completed by September 1, 2005. See Joint Proposed Scheduling Plan, ¶ C.1. Now,

plaintiff contends that he cannot complete all of the depositions by January 2006. In addition, the dates proposed by plaintiff in the motion to amend concerning dispositive motions would necessarily require changing the trial date, which the Court declines to do absent exceptional circumstances, which have not been shown.

Plaintiff has also filed a motion to extend the time to complete Alternative Dispute Resolution. The motion states in part that a mediation is currently set for November 29, 2005. The Court declines to extend the time to complete ADR. The parties should proceed to ADR as scheduled.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Amend Case Management Order is **DENIED**. [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Extend Time to Complete ADR is **DENIED**. [Doc. 13]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of November, 2005.